Dear Dr. Mallory:
This opinion is in response to the following question:
 Does a local board of education have the authority under Section 11(b) of Article X
of the Missouri Constitution to establish a tax of one dollar and twenty-five cents on the hundred dollars assessed valuation after rollback due to reassessment?
Your office has also asked us to address the following question: If a local board of education is unable to impose an operating levy in excess of the levels authorized by Article X, Section 11(b), Missouri Constitution, after the tax rate rollback provided for in Section 137.073 of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session, is implemented, will that school district be eligible for the funds provided for in the Teachers' Pay Plan Program, Section 163.171 of the Excellence in Education Act of 1985, Conference Committee Substitute No. 2 for Senate Committee Substitute for House Committee Substitute for House Bill No. 463, Eighty-Third General Assembly, First Regular Session, and the Missouri Career Development and Teacher Excellence Plan, Section168.500 of the Excellence in Education Act of 1985.
 I. Can School Districts Increase Their Operating Levies After Tax Rate Rollback Without a Vote of the People?
Article X, Section 11(b), Missouri Constitution, provides in part:
 Any tax imposed upon such property by municipalities, counties or school districts, for their respective purposes, shall not exceed the following annual rates:
* * *
 For school districts formed of cities and towns, including the school district of the city of St. Louis — one dollar and twenty-five cents on the hundred dollars assessed valuation;
 For all other school districts — sixty-five cents on the hundred dollars assessed valuation.
Article X, Section 11(c), Missouri Constitution, provides for voter-approved tax rate increases for schools and certain other political subdivisions. Thus, in order to impose a levy in excess of that provided for in Missouri Constitution Article X, Section 11(b), a school district must get voter approval of such.
Section 137.073.7 of Senate Committee Substitute For Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session, states:
 7. (1) In all school districts, tax rates reduced or revised pursuant to this section or section 22 of article X of the Missouri Constitution or when a court has determined and ordered the tax rate reduction, or revision, may be increased, in increments or otherwise:
 (a) Above the tax rate set as a result of such reduction or revision, up to and including the rate in effect on November 4, 1980, or up to and including a higher rate adopted after November 4, 1980, in the manner authorized by law, by the approval of a majority of the qualified voters of the school district voting on the proposition;
provided that, the provisions of this subdivision shall apply only if the tax rates, after the increase, will be three dollars seventy-five cents or less;
 (b) Above the rate in effect on November 4, 1980, or above a higher rate adopted after November 4, 1980, in the manner authorized by law, or above three dollars seventy-five cents, only by the approval of that majority of the qualified voters of the school district voting on the proposition as required by section 11(c) of article X of the Missouri Constitution.
 (2) The governing body of any school district may levy a tax rate lower than its rate ceiling and may increase that lowered tax rate to a level not exceeding the tax rate ceiling, without voter approval. As used in this subdivision, the term "tax rate ceiling" shall also include any reductions mandated by section 164.013, RSMo.
(Emphasis added.)
Paragraph (2) of Section 137.073.7 authorizes a non-voter-approved tax rate increase, but only up to the "tax rate ceiling" after the tax rate has been reduced pursuant to the applicable rollback. Subparagraphs (a) and (b) of Section 137.073.7(1) both require voter approval of tax rate increases.
It could be argued that the General Assembly cannot impose a voter approval requirement on a constitutionally provided for levy that imposes no such voter approval requirement. However, the voter approval requirements of subparagraphs (a) and (b) of Section 137.073.7(1) are authorized by Article X, Section 10(c), Missouri Constitution, which states:
 The general assembly may require by law that political subdivisions reduce the rate of levy of all property taxes the subdivisions impose whether the rate of levy is authorized by this constitution or by law. The general assembly may by law establish the method of increasing reduced rates of levy in subsequent years.
Accordingly, we conclude that school district operating levies may not be increased above the "tax rate ceiling" without voter approval, as provided for in Section 137.073.7, as enacted by Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session.
 II. If a School District is Unable to Impose an Operating Levy in Excess of the Level Authorized by Article X, Section 11(b), Missouri Constitution, After the Tax Rate Rollback, is the School District Still Eligible for Funds Under the Teachers' Pay Plan Program and the Missouri Career Development and Teacher Excellence Plan?
In part, Section 163.171 of the Excellence in Education Act of 1985 requires the Department of Elementary and Secondary Education to develop a plan to increase public school teachers' salaries in Missouri.
Subsections 3 and 5 of Section 163.171 provide:
 3. Any school district which has personnel whose salary is determined to be below a level established in accordance with the plan for increasing teachers' salaries established under this section and who has met the requirements of this section and any subsequent guidelines established by the state board of education, with the advice of the commissioner of education, shall receive state aid for the sole purpose of increasing such salaries. Such guidelines shall recognize that the reassessment of real property and the applicable reduction or revision of property tax levies pursuant to section 137.073, RSMo, may cause some school districts to levy a tax below one dollar and twenty-five cents for each hundred dollars of assessed valuation. Such school districts shall not be penalized under the guidelines for this program during the school years 1986-87 and 1987-88.
* * *
 5. The department of elementary and secondary education shall review and determine the local effort[,] ability and performance of each school district. In order to receive funds under this section, a school district must have a total levy for operating purposes which is in excess of the amount allowed in section 11(b) of article X of the Missouri Constitution.
Each school district shall maintain a regular salary schedule, which shall be funded by revenues other than those provided in this section, and which shall show appropriate increases in funding due to revenues received from all other sources. If a school district fails to meet requirements of this subsection, such district shall not receive any revenues under this section until the failures have been corrected.
(Emphasis added.)
Section 168.500 of the Excellence in Education Act of 1985 creates the Missouri Career Development and Teacher Excellence Plan and requires the General Assembly to make annual appropriations therefor. Subsection 6 of Section 168.500 provides: "In order to receive funds under this section, a school district must have a total levy for operating purposes which is in excess of the amount allowed in section 11(b) of article X of the Missouri Constitution."
Subsection 4 of Section 137.073 of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session, states in part: "Notwithstanding other provisions of law, tax rates for public schools and libraries may be reduced, pursuant to this section, below rates established as minimal entitlement levels for participation in state aid funds without loss in such entitlement." Generally, the "Notwithstanding other provisions of law" or similar language is used by the General Assembly to impliedly repeal inconsistent provisions. See, e.g.,Edwards v. St. Louis County, 429 S.W.2d 718 (Mo. banc 1968). We believe that the quoted subsection 4 language impliedly repeals or modifies inconsistent provisions in Sections 163.171 and168.500 of the Excellence in Education Act of 1985 and any other inconsistent statutory provisions, see, e.g., Section 163.021(3), RSMo Supp. 1984. This means that a public school district will not be disqualified from receiving state aid under the Excellence in Education Act of 1985 if it would have qualified for such aid but for the reduction required by Section 137.073 of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session.
Finally, we note the existence of the following language in Section 137.073.5(2) of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session:
 It is further the intent of the general assembly, under the authority of section 10(c) of article X of the Constitution of Missouri, that the provisions of this section be applicable to tax rate reductions or revisions mandated under section 22 of article X
of the Constitution of Missouri as to reestablishing tax rates as reduced or revised in subsequent years, enforcement provisions, and other provisions not in conflict with section 22 of article X of the Constitution of Missouri; except that, in calculating tax rates in the year subsequent to a tax reduction or revision under section 22 of article X of the Constitution of Missouri, a school district may modify its "tax rate ceiling" in such a manner as to recapture any loss in state school aid
occasioned by establishing its "tax rate ceiling" as required by section 22 of article X of the Constitution of Missouri. . . .
(Emphasis added.)
As we have interpreted the language of subsection 4 of Section 137.073 of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session, as exempting school districts from any loss of state aid due to either a Hancock Amendment or a statutory general reassessment tax rate rollback, we do not find the subsection 5(2) language quoted above controlling in these circumstances.
CONCLUSION
It is the opinion of this office that after the general assessment tax rate reduction, school districts may not increase their tax levies above the "tax rate ceiling" without voter approval, as provided for in Section 137.073.7, as enacted by Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session. However, school districts will not be disqualified from receiving state aid under the Excellence in Education Act of 1985, Conference Committee Substitute No. 2 for Senate Committee Substitute for House Committee Substitute for House Bill No. 463, Eighty-Third General Assembly, First Regular Session, if they would have qualified for such aid but for the reduction required by Section 137.073 of Senate Committee Substitute for Senate Bill No. 152, Eighty-Third General Assembly, First Regular Session.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General